PARMELE et al. v. PULVOLA CHEMICAL CO.

(City Court of New York, General Term. May 28, 1900.)

LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—DAMAGES.

Where the untenantable condition of leased premises is in part due to· the careless conduct of the tenant and his subtenants, and in part to the bad condition of the plumbing and a cesspool, which, under the provisions of his lease, the tenant might have had repaired at the expense of' the landlord, and the cost thereof deducted from the rent, the tenant cannot recover damages of the landlord on the ground of a constructive eviction because of the condition of the premises.

Appeal from trial term.

Action by Edward A. Parmele and others against the Pulvola Chemical Company for rent. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

McElheny & Bennett, for appellant.

A. A. Michell, for respondents.

FITZSIMONS, C. J. We have examined with care the appeal record, and, in our opinion, it discloses that no actual or constructive· eviction occurred. It also appears to us that the premises demised at no time during their occupancy were untenantable. All of the evil, unpleasant, and probably odorous conditions complained of were due to the fact that defendant and its subtenants had, by their careless· conduct, brought them about. The alleged defection and bad condition of the plumbing work and cesspool might and could have been easily remedied if defendant and his tenant had so desired; but ap-- ·

parently they were seeking for some cause that would justify them in vacating the premises, and declaring that such causes rendered the premises untenantable, thus constituting a constructive eviction. The objections complained of could have been easily remedied, the plumbing work repaired, and cesspools cleaned, and the reasonable expenses thereof charged against the landlord, and deducted from the rent, because of his covenants to make all such repairs. They were simple, ordinary repairs, and were not, as defendant contends, permanent or substantial repairs, and did not justify defendant in vacating the premises because not done by plaintiff.

It was proper for the trial justice to exclude the evidence offered by defendant to sustain his alleged counterclaim. That claim was based solely upon the theory that defendant and his tenants were evicted. As pointed out by us, no eviction occurred, and therefore no damage could have occurred to defendant upon that score. Besides, we think that the evidence shows that the plaintiff offered to do all repairs reasonably required if defendant would name them. This it declined to do. When invited by plaintiff to name them, or accompany him to the premises, and point out the objectionable features, it again refused. The actions of defendant in this regard were capricious, and unjust, and in harmony with its entire conduct in this matter. We can find nothing in the record that would justify us in aiding defendant in its scheme.

Judgment affirmed, with costs.

SCHUCHMAN, J., concurs.