ALICE D. SHERMAN, Appellant, *v.* JOHN J. LUDIN, Respondent.

*Landlord and tenant — what risk as to the condition of the premises is assumed by the tenant — limitations on his right to leave them.*

A lessee of real property must run the risk of its condition unless he has an express agreement on the part of the lessor in relation thereto.

Chapter 345 of the Laws of 1860, authorizing a lessee to abandon the demised premises in certain specified cases, does not apply to a case where the defect existed when the lease was made and no fraud or misrepresentation is shown on the part of the lessor, or when the defect results from the neglect of the lessee to make ordinary repairs, or from deterioration due to the ordinary use of the premises by the lessee.

APPEAL by the plaintiff, Alice D. Sherman, from a judgment of the Municipal Court of city of New York, borough of Queens, in favor of the defendant, entered on the 18th day of June, 1902, upon the decision of the court.

*John W. Magee,* for the appellant.

*Joseph G. Matthews,* for the respondent.

WOODWARD, J.:

The defendant in this action rented certain premises of the plaintiff at an agreed rental of fourteen dollars per month. The defendant had been in possession of the premises for about two years, and on leaving the same was in default for rent for two months. This action was brought to recover the two months' rent. The defendant, who vacated the premises in the middle of April, made a tender

of twenty-one dollars, this being the agreed rental for one month and a half, and this the plaintiff declined to accept and brought her action for the full two months. It was claimed on the part of the defendant that he was obliged to vacate the premises on account of their unsanitary condition, but as he had occupied the same for a period of two years, and there was no agreement on the part of the plaintiff to keep the premises in repair, we are of opinion that this did not constitute a defense to the claim of the plaintiff for the rent for the full period of two months, the contract being based not upon fractions, but upon the month, in advance. The rule has long been recognized in this State that the lessee of real property must run the risk of its condition, unless he has an express agreement on the part of the lessor in relation thereto (*Franklin* v. *Brown*, 118 N. Y. 110), and we find nothing in this case to take it out of the operation of this general rule. Chapter 345 of the Laws of 1860, authorizing a lessee to abandon the demised premises in certain specified cases, does not apply to a case where the defect existed when the lease was made, and no fraud or misrepresentation is shown on the part of the landlord, or when it results from the neglect of the ten ant to make ordinary repairs, or from deterioration due to the ordinary use of the tenant. (*Meserole* v. *Hoyt*, 161 N. Y. 59, 62, and authorities there cited.) There is no evidence here that the defect in the premises did not exist at all times during the tenancy of two years, or that there was any fraud, or that the deterioration was not due to the neglect of the tenant.

While it seems improbable that the defendant will be able to make a better defense upon a new trial, the extreme caution demanded of appellate courts in the granting of final judgments makes it improper that we should refuse a new trial in reversing this judgment. (*New* v. *Village of New Rochelle*, 158 N. Y. 41, 43, and authorities there cited.)

The judgment appealed from should be reversed, and a new trial ordered, costs to abide the event.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.