SHERMAN v. LUDIN.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. LANDLORD AND TENANT—ACTION FOR RENT—PLEADING—USE AND OCCUPA-
TION.

A complaint alleged that defendant was indebted to plaintiff for the "use and occupation" of certain premises for two months at a certain monthly rental, payable in advance, and plaintiff introduced evidence that defendant had rented the premises at a certain rental as alleged in the complaint, and had refused to pay all the agreed rent for the two months mentioned in the complaint. On a previous trial defendant had sought to avoid payment on the ground that he had been evicted. *Held*, that it was erroneous to dismiss the complaint on the theory that under the evidence plaintiff should have declared on an express contract.

Appeal from Municipal Court, Borough of Queens, Third District.
Action by Alice D. Sherman against John J. Ludin. From a judgment dismissing the complaint, plaintiff appeals. Reversed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

John W. Magee, for appellant.
Burt Jay Humphrey, for respondent.

PER CURIAM. The plaintiff alleged in her complaint that the "defendant is indebted to this plaintiff for the use and occupation of a plot of ground, with the building thereon erected, situate on the west side of Greenwood avenue, between Jamaica and Lexington avenues, in the Fourth Ward of the borough of Queens, from the 1st day of March, 1902, to the 1st day of May, 1902, at the monthly rent of fourteen dollars per month, payable in advance, no part of which has been paid." Upon the trial the plaintiff introduced evidence to the effect that one John Donaldson, who is alleged to have acted as agent for the plaintiff, rented the premises to the defendant at a rental of $14 per month, payable in advance; that the defendant vacated the premises on or about April 14, 1902, and that he owed the rent at the time he vacated the premises for the months of March and April; that Donaldson made a demand for the rent; and that the tenant refused to pay more than a month and a half's rent. With this state of facts before the court the complaint was dismissed, it being held that the allegations of the complaint for "use and occupa-

tion" were controlling, and that the plaintiff should have declared upon an express contract of rental.

It seems to us that the complaint, while open to criticism, fairly alleged that the rental was by the month. Under the liberal rule of pleading now recognized by the Code of Civil Procedure, it is not necessary to state a cause of action in the best possible form. It is enough if the intention of the pleader is expressed with sufficient clearness so that he fairly apprises the adverse party of the issues to be anticipated, and it cannot be said that the defendant was surprised or misled by this pleading. The matter has been in controversy between the parties from the start. The plaintiff has insisted that two months' rent was due, as would unquestionably be the case if the defendant rented by the month, and the defendant has contended that he was practically evicted from the premises by reason of the offensive cesspool upon the lot, and that he was liable only for the actual time which he occupied the premises. That was the issue between the parties, and the mere fact that the plaintiff alleges a use and occupation of the premises does not limit the scope of the action when taken in connection with the further allegations of the complaint. Clark v. Dillon, 97 N. Y. 370, we think does not conflict with this view. Of course, if the complaint merely alleged use and occupation, the plaintiff could not recover upon a specific contract of rental; but when the plaintiff adds to this language a specification covering the entire two months, and alleges that there was a monthly rent of $14 reserved, and that this amount was payable in advance, and that no part of the same has been paid, we think there is no ambiguity, although some degree of technical inconsistency, in the pleading. It is not difficult to understand that the plaintiff is seeking to recover for rentals due upon a contract, rather than for a technical use and occupation of the premises. It was shown upon the previous trial of this case that the plaintiff was seeking to avoid the payment, not upon the grounds now urged against the complaint, but upon the proposition that he was obliged to give up possession of the premises, which he had occupied continuously for a period of two years, owing to their unsanitary condition. Sherman v. Ludin, 79 App. Div. 37, 79 N. Y. Supp. 1066.

Under the circumstances the defendant is not now in a position to urge this technical defect in the pleadings with any great show of good faith, and, while we cannot see our way clear to comply with the request of the plaintiff for a judgment absolute, we are clearly of opinion that the judgment dismissing the complaint should be reversed.

The judgment appealed from should be reversed, with costs, and a new trial ordered.