2. APPEAL—QUESTIONS REVIEWABLE.
　　Where no opposition was made to an amendment of a complaint changing the cause of action from one for breach of contract to one for moneys had and received, no exception taken, and no application for adjournment made, no question was raised thereby for review on appeal.
3. COURTS—MUNICIPAL COURT—JURISDICTION—ACTION ON QUASI CONTRACT.
　　The municipal court of the city of New York has jurisdiction of an action on a quasi contract.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by William S. Devery against the Winton Motor Carriage Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Charles Thaddeus Terry, for appellant.

Emanuel I. S. Hart, for respondent.

SCOTT, P. J. It is true that the amendment of the complaint changed the cause of action from one for "breach of contract" to one for "moneys had and received." Such an amendment was within the power of the court, and as the record shows that no opposition thereto was made by defendant, and no exception taken, and no application for adjournment made, no question is raised thereby for review upon appeal. The case, as made, justified a recovery. Briggs v. Boyd, 56 N. Y. 289. The cases relied upon by defendant to sustain the contention that the Municipal Court has no jurisdiction to entertain an action upon a quasi contract (Harrington v. City of New York, 40 Misc. Rep. 165, 81 N. Y. Supp. 667; Goldstein v. Abramson [Sup.] 86 N. Y. Supp. 30) have been overruled by the Appellate Division (Pache v. Oppenheim, 93 App. Div. 221, 87 N. Y. Supp. 704).

Judgment affirmed, with costs. All concur.

---

## WILLIAMS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. January 17, 1906.)

STREET RAILROADS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE.
　　Recovery for collision of a street car with a team is barred by contributory negligence, the testimony showing that the driver saw or could have seen, the car coming, in ample time to avoid a collision, but kept on and drove directly in front of it, when it was but 15 or 20 feet away, and rapidly approaching.
　　[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 213–215.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Edgar R. Williams against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

William E. Weaver, for appellant.

Samuel E. Oppenheimer, for respondent.

SCOTT, P. J. The verdict was clearly against the weight of the evidence. The witnesses for the plaintiff, as to the happening of the accident, were the driver of the wagon and one bystander. The driver's evidence was of a character which gave no clear idea of how the accident happened. The bystander testified that the car was coming north on the easterly track, at a high rate of speed, about midway between Thirty-Seventh and Thirty-Eighth streets when the wagon was at the southwest corner of Thirty-Eighth street and Ninth avenue, and that the driver went right ahead, and drove in front of the car. One of the car driver's versions seems to agree with this story, which in consistent with the testimony given by all of the defendant's witnesses that the driver tried to cross about 15 or 20 feet ahead of the car. The result of the evidence is that the driver saw, or could have seen, the car coming in ample time to avoid a collision; but, either recklessly or stupidly kept on, and drove directly in front of it, thus inviting the collision that occurred.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.