JACOBS v. MORAND.

(Supreme Court, Appellate Term. May 15, 1908.)

LANDLORD AND TENANT—EVICTION—ACTS CONSTITUTING—VERMIN IN PREMISES.

In the absence of a covenant in a lease of an apartment to keep it free from vermin, and in the absence of fraud or wrongdoing on the part of the lessor, the lessee runs the risk of the condition of the property in that regard; and hence the presence of water bugs and bedbugs in a leased apartment does not constitute an eviction of the tenant, so as to justify the abandonment of the premises by him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 695, 700.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Samuel K. Jacobs against Henri C. Morand. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

E. Louis Jacobs, for appellant.

Stevens & Johnson (Tristam B. Johnson, of counsel), for respondent.

GIEGERICH, J. The action was brought to recover the sum of $50, alleged to be due as rent for the month of November, 1907, for an apartment occupied by the defendant under a lease from the plaintiff. On behalf of the defendant evidence was given that the apartment, including the beds and closets, and all the rooms, was overrun with water bugs and bedbugs. The complaint was dismissed, with costs, and the judgment is sought to be supported on the ground that the presence of the vermin constituted a constructive eviction.

The apartment in suit was not under the control of the plaintiff, and no evidence was given of any express covenant in the lease to keep the apartment free from vermin; and in the absence of such a covenant the lessee, under the circumstances detailed above and in the absence of fraud, deceit, or wrongdoing on the part of the plaintiff, ran the risk of the condition of the property in that regard. Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744; Sherman v. Ludin, 79 App. Div. 37, 79 N. Y. Supp. 1066. Authorities quite directly in point are not wanting. In Truesdell v. Booth, 4 Hun, 100, it was held that vermin or noxious smells in or about the house do not constitute eviction, so as to justify abandonment of the premises by the tenant. In Vanderbilt v. Persse, 3 E. D. Smith, 428, the court said that, although a bad smell in the pantry,

and the kitchen being too hot with the stove in it, and bad smells from the front window, a stagnant pond of water near the place, bad smell from fish, and vermin in the bedrooms, were all matters that might have given some trouble to eradicate, yet none of them could be held sufficient to relieve the tenant from his liability, or to come within the rule that defines an eviction. Pomeroy v. Tyler, 9 N. Y. St. Rep. 514, was also a case very similar in its facts to the present one, and it was held, McAdam, C. J., writing the opinion, that the fact that the rooms occupied by the tenant were overrun with vermin, namely, bedbugs, cockroaches, croton bugs, and red ants, making it inconvenient to inhabit the premises and rendering them untenantable, did not constitute a constructive eviction of the tenant. The following remarks of Chief Justice McAdam, in the course of such opinion, are especially applicable to the present case (page 515):

"The Legislature has passed a statute relieving tenants from their common-law obligations, where the demised premises have been destroyed by fire, tempest, or other sudden and unexpected event (Laws 1860, p. 592, c. 345; Suydam v. Jackson, 54 N. Y. 453); but the legislative sense of relief to tenants has not as yet reached the case of rats, mice, bugs, roaches, or other vermin, and all questions as to them must be decided according to the wisdom of the common law. The inconvenience is one to which all more or less are subject at times, but which, with ordinary skill and attention, may be abated by the tenant."

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.