### FITZGIBBON v. JOLINE et al.

(Supreme Court, Appellate Term.   March 5, 1909.)

STREET RAILROADS (§ 99*) — COLLISION WITH TEAM — CONTRIBUTORY NEGLIGENCE.

When plaintiff drove his horse onto a street car track, an approaching car was from 10 to 15 feet distant. The evidence was conflicting as to whether the collision occurred at the intersection of two streets, where the street car company had a preferential right, or a short distance beyond, where the rights of both parties were equal. *Held* that, whether the collision occurred at the one place or the other, plaintiff was negligent and could not recover.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 214; Dec. Dig..§ 99.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Personal injury action by Thomas Fitzgibbon against Adrian H. Joline and another, receivers. Judgment for plaintiff, and defendants appeal. Reversed, and remanded for a new trial.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Anthony J. Ernest, · for appellants.
Cornelius J. Earley, for respondent.

MacLEAN, J. The verdict herein in favor of the plaintiff, upon his claim for personal injuries alleged to have been sustained through the negligence of the defendants, was against the weight of evidence. Williams v. N. Y. City Ry. Co., 49 Misc. Rep. 253, 97 N. Y. Supp. 393. Where the collision occurred was in dispute; the plaintiff, a driver of an ash cart, in the employ of the city, testifying that, on January 20, 1908, about 3 p. m., while in the performance of his duties, he crossed from the east to the west side of Eighth avenue, between the north and south crosswalks of Twenty-First street, and was struck by a south-bound car of the defendants, while the motorman and two disinterested witnesses of the defendants located the

---

*For other cases see same. topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

place of the collision from a half to a whole car's length south of the south crosswalk of Twenty-First street. The weight of the evidence on this point favored the defendants, thereby according to the motorman a preferential right over the plaintiff.

How the collision occurred was not, however, so disputed; the plaintiff testifying that, when his horse first stepped on the downtown track, the front of the south-bound car was about 15 feet away, yet he kept on going ahead. He was corroborated in no small measure by the disinterested witnesses of the defendants; one testifying that the car was 6 feet from the horse when the horse started to go on the south-bound track, and the other testifying that when the plaintiff drove on the downtown track the car was about 10 feet away. Even assuming the place of the collision to have been as testified to by the plaintiff himself, under equal rights he did not satisfactorily establish his own freedom from contributory negligence, unless the law impose upon the motorman the duty to exercise greater care than upon the plaintiff, which the law does not do, where the right of the defendants was preferential, or where the rights of both parties were equal.

The judgment should be reversed, and the cause remanded for a new trial.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.