## MADDEN v. BULLOCK.

(Supreme Court, Appellate Term. March 17, 1909.)

LANDLORD AND TENANT (§ 172*)—ACTION FOR RENT—CONSTRUCTIVE EVICTION AS DEFENSE.

In an action for rent of an apartment vacated by lessee, it appeared that the premises were in an almost intolerable condition from stenches of dead and decaying rats which lessor undertook unsuccessfully to remove, and made matters worse by tearing up and not replacing flooring, and by using chloride of lime, so that lessee was powerless to abate this peril to health. *Held*, that this warranted a defense of constructive eviction in an action for rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James Madden against William Bullock. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Wesselman & Kraus, for appellant.
Charles Maitland Beattie, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The action is for rent of an apartment. The defense is a constructive eviction. The court found for defendant. Plaintiff appeals.

The evidence shows an almost intolerable condition, arising from loathsome stenches of dead and decaying rats, which plaintiff undertook unsuccessfully to remove, and made matters worse by tearing up and not replacing flooring, and by using chloride of lime. The defendant was powerless to abate this peril to health. Such a condition cannot be called an inconvenience, nor was its source discoverable by ordinary inspection.

The judgment should be affirmed, with costs.

MacLEAN, J. (dissenting). Without pronouncing antiquated the decisions of our highest court that, where the landlord is not chargeable with any negligence in reference thereto, noisome conditions arising after rights have become vested, even the breaking out of an infectious disease, will not relieve the tenant from his undertaking to pay rent, the defendant herein cannot be rid of his obligation through the finding, at his instance, by the janitor, of a putrescent rat under his chamber floor in the very spot he expected it was, the place he marked. Apartments for habitation are rented for the normal, not as if antiseptic for operating rooms, and may not be abandoned because, as herein testified, objectionable to the physician of a patient tubercular in character, and who, regarding every little element in her welfare of importance, and considering anything that interfered with her generally of some importance, thought it well she should go away, or because disagreeable to her mother-in-law, rather alarmed on account of her daughter not being very well.

Legislate this bench may for this particular case, but it may not restrict its novel legislation to advantaging this particular tenant. His hap may become a convenient precedent throughout the wide municipality for tenants who would have themselves evicted by incidents easy for them to bring about and impossible for landlords to forefend.