BARNARD REALTY CO. v. BONWIT.

(Supreme Court, Appellate Term. May 13, 1912.)

1. APPEAL AND ERROR (§ 930*)—VERDICT—EFFECT.
    Where a verdict for defendant is set aside as contrary to law, the appellate court may consider it as establishing all questions of fact in favor of defendant.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. § 930.*]

2. LANDLORD AND TENANT (§ 176*)—TENANCY FOR YEARS—CONSTRUCTIVE EVICTION.
    In the absence of statute, a constructive eviction takes place only where the tenant is deprived of his enjoyment of the demised premises by the act or omission of the landlord; and so a tenant is not constructively evicted from an apartment because rats, which are in the walls without any fault of the landlord, die, and the stench renders the apartment uninhabitable.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 711; Dec. Dig. § 176.*]

3. LANDLORD AND TENANT (§ 176*)—"EVICTION"—STATUTE.
    Real Property Law (Consol. Laws 1909, c. 50) § 227, providing that, where any building which is leased or occupied is destroyed or so injured by the elements, or any other cause, as to be uninhabitable and unfit for occupancy, the lessee may, if the destruction or injury occurred without his fault, surrender the possession without liability for subsequent rent, gives relief only where the building itself is injured, or, by reason of other conditions, the tenant's enjoyment of the leased premises is interfered with, and so unbearable stench from rats, which have died in the walls of an apartment, does not, under this law, constitute a constructive "eviction."
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 711; Dec. Dig. § 176.*
    For other definitions, see Words and Phrases, vol. 3, pp. 2517–2521.]
    Bijur, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Barnard Realty Company against Carl Bonwit. From an order setting aside a verdict for defendant and ordering a new trial, defendant appeals. Affirmed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Paskus, Cohen & Gordon, of New York City (Arthur B. Hyman, of counsel), for appellant.

John C. Van Loon, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff sues for rent. The defense is constructive eviction. The jury found for the defendant. The trial justice set aside the verdict in an opinion which relies mainly on the case of Jacobs v. Morand, 59 Misc. Rep. 200, 110 N. Y. Supp. 208. The verdict having been set aside as contrary to law, we are justified in considering the jury's verdict as establishing all contested questions of fact in favor of the defendant.

[2] These facts are that defendant rented an apartment from plaintiff. Shortly thereafter noises as of scampering rats were heard in the walls and ceilings. These noises were sufficient to greatly alarm the tenant's daughter and prevented the tenants from sleeping. After the lapse of a few days a stench arose in the maid's room, which spread throughout the apartment. The stench rendered the apartment untenantable. The plaintiff at the defendant's request made several holes in the wall and found "vestiges" of a large number of rats. It is a fair inference that the stench arose from rats which died in the walls of the apartment. Under a similar state of facts this court held in the case of Jacobs v. Morand, 59 Misc. Rep. 200, 110 N. Y. Supp. 208, that the fact that an apartment was overrun with vermin constituted no constructive eviction. In the subsequent case of Madden v. Bullock (Sup.) 115 N. Y. Supp. 723, this court held that the defense of constructive eviction is established where—

"the evidence shows an almost intolerable condition arising from loathsome stenches of dead and decaying rats, which plaintiff undertook unsuccessfully to remove, and made matters worse by tearing up and not replacing flooring and by using chloride of lime."

Apparently the facts of this case are the same as the facts in the case under consideration, except that there the condition complained of arose partly through the acts of the plaintiff landlord, while here the condition arose from the presence of the dead rats. It is this difference in the facts which I think differentiates the law applicable to these two cases. It is too well established to require any citation that in the absence of statute a constructive eviction can take place only where the tenant is deprived of his enjoyment of the demised premises by the act or omission of the landlord. Where the premises are rendered untenantable without the fault of the landlord, there can be no eviction. In this case it does not appear that the rats were introduced through any fault of the landlord, nor does it appear that he failed to perform his duty in attempting to rid the premises of

their presence, if such a duty devolved upon him. Under such circumstances the tenant must continue to bear his obligation to pay rent, however great the hardship, unless he has been relieved of this obligation by statute.

[3] The statute (Real Property Law, § 227) is not, however, broad enough to give him this relief. "The legislative sense of relief to tenants has not as yet reached the case of rats, mice, bugs, roaches, or other vermin, and all questions as to them must be decided according to the wisdom of the common law." Jacobs v. Morand, supra. The statute gives relief only where the building is destroyed or injured. It gives no relief where the building itself is uninjured, but by reason of other conditions the tenant's enjoyment of the leased premises is interfered with. "The statute clearly contemplates a physical destruction of, or injury to, the building itself, or something within the building, for which the landlord is responsible, or over which he has control." Floyd-Jones v. Schaan, 129 App. Div. 82, 113 N. Y. Supp. 472.

Order should be affirmed, with costs.

GUY, J., concurs.

BIJUR, J. I dissent. I think that the condition which warranted the tenant's abandonment of the premises was one under control of the landlord, and that Madden v. Bullock (Sup.) 115 N. Y. Supp. 723, cannot be distinguished.