### BARNARD REALTY CO. v. BONWIT.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

1. **APPEAL AND ERROR** (§ 867*)—**SETTING ASIDE VERDICT**—**GROUNDS**—**EFFECT.**

Where a verdict was set aside by the Municipal Court solely as contrary to law, and its order was affirmed by the Appellate Term, the facts found are taken as established.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3476–3486; Dec. Dig. § 867.*]

2. **LANDLORD AND TENANT** (§ 172*)—**CONSTRUCTIVE EVICTION**—**RATS.**

Nightly noises made by rats in the walls and ceilings of a tenement, coupled with an offensive odor, which increased until the premises became untenantable, amounted to a constructive eviction, since the tenant could not make the place habitable by pulling down the walls and ceilings to eliminate the rodents.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Appeal from Appellate Term, First Department.

Action by the Barnard Realty Company against Carl Bonwit. From a judgment of the Appellate Term (76 Misc. Rep. 464, 135 N. Y. Supp. 700), affirming an order of the Municipal Court, setting aside a verdict for defendant, defendant appeals. Reversed, and verdict reinstated.

See, also, 152 App. Div. 948, 137 N. Y. Supp. 1110.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and DOWLING, JJ.

Paskus, Cohen & Gordon, of New York City (Arthur B. Hyman, of New York City, of counsel), for appellant.

John C. Van Loon, of New York City (Frank Walling, of New York City, of counsel), for respondent.

CLARKE, J. [1] This is an action to recover rent of an apartment. The defense was constructive eviction. The jury found for the defendant. The verdict having been set aside solely as contrary to law, the facts found are established.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] Defendant and his wife moved into an apartment on the top floor of a new apartment house on the 15th of September, 1910, and moved out on the 8th of November, 1910. The reason therefor was the disturbance caused by the nightly meetings and performances of rats in the walls and ceilings, coupled with a most offensive odor, which increased until the place became untenantable. There are two Appellate Term decisions—one, Jacobs v. Morand, 59 Misc. Rep. 200, 110 N. Y. Supp. 208, in which the presence of bed bugs, croton bugs, red ants, etc., was held not to be sufficient to establish a constructive eviction; and the other, Madden v. Bullock (Sup.) 115 N. Y. Supp. 723, which held that the loathsome stench of dead and decayed rats was sufficient.

Very large numbers of people live in tenement houses, apartment houses, and apartment hotels in this city. Such tenants have, and can have, control only of the inside of their own limited demised premises. Conditions unknown to the ancient common law are thus created. This requires elasticity in the application of the principles thereof. An intolerable condition, which the tenant neither causes nor can remedy, seems to me warrants the application of the doctrine of constructive eviction. The rule in Jacobs v. Morand, supra, in regard to bugs and ants within the apartment, which can be dealt with by the tenant by processes known to all housewives, should not be extended to cover offensive and unbearable nuisances outside of the apartment. This tenant could not pull down the walls or the ceilings. He and his family ought not to be compelled to pay rent for an apartment in which they could not live.

This court has held that, when the landlord had the entire control of the heating plant, a failure to provide sufficient steam heat was enough to constitute constructive eviction. Berlinger v. Macdonald, 149 App. Div. 5, 133 N. Y. Supp. 522. Of course, that case is different from the one at bar, because there it was within the power of the landlord to furnish the heat, and, if he did not, it was an act of omission upon his part. But here the jury have found the existence of an intolerable condition. The tenant did not cause it, and could not remedy it. If any one could it was the landlord. He attempted to and failed. We think the flat dweller was justified in his abandonment of the premises.

The determination of the Appellate Term and the order of the Municipal Court should be reversed, and the verdict of the jury reinstated, with costs to the appellant in all courts. All concur.