(80 Misc. Rep. 666.)

## STREEP v. SIMPSON.

(Supreme Court, Appellate Term, Second Department. May 23, 1913.)

LANDLORD AND TENANT (§ 187*)—EVICTION—ACTS CONSTITUTING.

    Where a flat in an apartment house is infested with bedbugs without the fault of the tenant, but due to conditions existing in another flat, and the bedbugs are so numerous as to cause the greatest discomfort and distress to the tenant and his family, there is a constructive eviction, and the tenant, abandoning the premises, is not liable for rent.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 770–775; Dec. Dig. § 187.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Louis M. Streep against Harry H. Simpson. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued at May term, 1913, before CRANE, KAPPER, and KELBY, JJ.

Thomas B. Gilchrist, of New York City, for appellant.
Avery F. Cushman, of New York City, for respondent.

KAPPER, J. Defendant, a tenant from year to year, was sued for the last month's rent of a two-year occupancy of a flat in plaintiff's apartment house, which he abandoned just prior to the commencement of the last month in question. He sought to justify this abandonment upon the ground that he was constructively evicted, owing to the presence of bedbugs in the house. The size of the apartment house does not appear, save that there were two flats on a floor; the one occupied by the defendant being on the fourth floor. The defendant, with his family, had occupied this flat for 18 months without observing the presence of the bugs. From that time on bedbugs were found in his flat, in the private hall thereof, in the parlor, dining room, and bathroom, on the walls, in the closets, upon the clothing, and in the beds to such an increasing and persistent extent as to cause the greatest discomfort and distress to the dwellers therein.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Shortly after having first observed them, the defendant notified the landlord, and it appeared upon investigation that the bugs came from the flat underneath defendant's. That flat was then occupied, but soon after became vacant, and the landlord employed an "exterminator," who endeavored to drive the bugs both from the defendant's flat and the one underneath, but without success; and despite the persistent efforts' of this trained "exterminator," coupled with those of the landlord, as well as the defendant and his wife, and painters and decorators, the bedbugs continued to increase, befouling the walls, emitting odors, and biting the occupants, and exhibiting in their migrations a tendency to abide in the defendant's flat, probably because there were persons dwelling there. Such, in brief, is the proof, and so it may be said that the defendant's flat was infested with bedbugs without his fault; and, as the court below has found a constructive eviction, can it be assumed on appeal that the premises were rendered untenantable and that the landlord must bear the loss of the rent?

In Barnard Realty Company v. Bonwit, 155 App. Div. 182, 139 N. Y. Supp. 1050, a constructive eviction was held to have taken place because of "the disturbance caused by the nightly meetings and performances of rats in the walls and ceilings, coupled with a most offensive odor, which increased until the place became untenantable." The court there cited Jacobs v. Morand, 59 Misc. Rep. 200, 110 N. Y. Supp. 208, and Madden v. Bullock, 115 N. Y. Supp. 723, in the former of which it was held that the presence of water bugs and bedbugs was insufficient to establish a constructive eviction, and in the latter that the loathsome stench of dead and decayed rats was sufficient. The court say (155 App. Div. 183, 139 N. Y. Supp. 1051):

"Very large numbers of people live in tenement houses, apartment houses, and apartment hotels in this city. Such tenants have, and can have, control only of the inside of their own limited demised premises. Conditions unknown to the ancient common law are thus created. This requires elasticity in the application of the principles thereof. An intolerable condition, which the defendant *neither causes nor can remedy*, seems to me warrants the application of the doctrine of constructive eviction. The rule in Jacobs v. Morand, supra, in regard to bugs and ants within the apartment, which can be dealt with by the tenant by processes known to all housewives, should not be extended to cover offensive and unbearable nuisances outside of the apartment. This tenant could not pull down the walls or the ceilings. He and his family ought not to be compelled to pay rent for an apartment in which they could not live."

Observing the limitations placed by the Appellate Division upon the case of Jacobs v. Morand, as to bugs within the apartment which can be dealt with by the tenant himself, and applying the language of Mr. Justice Clarke, who wrote for the court in Barnard Realty Co. v. Bonwit, we have reached the conclusion that, under the circumstances shown, it could be found as a fact that the defendant was constructively evicted and that his abandonment of his tenancy was justifiable.

The proof here shows such a condition as amounted to an insufferable nuisance, and where its existence in an apartment house is in no wise attributable to the fault of the tenant, but arises and is due to

conditions in another part of the same building, into which the land-lord may go and apply a remedy, if remediable, the tenant must be deemed to have been precluded from a beneficial enjoyment of the premises, and his abandonment thereof bars the lessor's action for the recovery of rent.    Considering the landlord's control over the vacant flat underneath for a period of about two months, and the de-fendant's eagerness to afford him every opportunity and aid to rid the latter's flat of the bugs, their presence cannot be said, as a matter of law, not to be due in some measure to the landlord's fault, or, at least, to his inability to continue the habitableness of the defendant's dwell-ing place.

"An eviction depends upon the materiality of the deprivation. If trifling, and producing no substantial discomfort or serious inconvenience, it will be disregarded and will not afford cause for the termination of the relation of landlord and tenant."    Seaboard Realty Co. v. Fuller, 33 Misc. Rep. at page 110, 67 N. Y. Supp. at page 147.

Here the deprivation was most material.   It was by no means tri-fling, and not only did it produce substantial discomfort and severe inconvenience, but it amounted to an intolerable state.   Whether or not the deprivation is material is a question of fact, and that having been found below in favor of the defendant, the judgment should be affirmed, with costs.

CRANE and KELBY, JJ., concur.