### J. W. CUSHMAN & CO. v. ROHL.

(Supreme Court, Appellate Term, First Department.    May 13, 1915.)

1. LANDLORD AND TENANT ⬥231—CONSTRUCTIVE EVICTION—NUISANCE.

The defense of constructive eviction by reason of the presence of mice and bedbugs in the tenant's apartment, interposed to an action for rent, was not established, where it did not appear that the presence of the vermin was due to any act of the landlord, or that it originated in any part of the premises under his control, and where the nuisance was not noted until some three months after the tenant's occupancy, and where the testimony of the condition in which the tenant kept the apartment cast doubt on the origin of the nuisance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. ⬥231.]

2. LANDLORD AND TENANT ⬥231—CONSTRUCTIVE EVICTION—NUISANCE—EVIDENCE.

Where, in an action for rent, the tenant relied on constructive eviction by reason of the presence of mice and bedbugs in his apartment, and the evidence of the actual conditions existing in the apartment and the presence and extent of the nuisance was sharply conflicting, plaintiff could prove that there were frequent altercations between the tenant and his wife, which reached a point where, according to the tenant's own statement, he was unable to stand the disgrace and was going to move.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. ⬥231.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by J. W. Cushman & Co. against Charles H. Rohl. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Joseph Day Lee, of New York City, for appellant.
James Garfield Moses, of New York City, for respondent.

BIJUR, J.    [1] This action is brought for rent of an apartment occupied by the defendant, and the defense is a constructive eviction by reason of the alleged offensive presence of mice and bedbugs in the defendant's apartment. It does not appear in the case that the presence of this vermin was due to any act of the landlord, or that it originated in any part of the premises under control of the landlord. The fact that it was not seriously, if at all, noted until some three months

after the tenant's occupancy, and the testimony as to the condition in which the tenant kept the apartment, cast, to say the least, very serious doubt upon the origin of the nuisance. Under such circumstances, it does not seem to me that the doctrine applied in Barnard Realty Co. v. Bonwit, 155 App. Div. 182, 139 N. Y. Supp. 1050, and Streep v. Simpson, 80 Misc. Rep. 666, 141 N. Y. Supp. 863, applies.

[2] Moreover, in view of the sharp conflict in the evidence as to the actual conditions existing in the apartment, and the presence and extent of the nuisance claimed by defendant, plaintiff should have been permitted to prove, what he offered and endeavored to prove, namely:

"That there were frequent altercations between the defendant and his wife which reached a point that, *according to the defendant's own statement,* he was unable to stand the disgrace of it and was going to move."

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.