Henry L. Batterman, Respondent, *v.* George A. Levenson, Appellant.

(Supreme Court, Appellate Term, Second Department, December, 1917.)

Lease — landlord and tenant — action for rent — pleading — eviction — evidence — trial.

> Where a building is leased to several tenants and a part or parts thereof remain in the landlord's control, the fact that a tenant may have known of the presence of vermin in the building before entering into the lease does not relieve the landlord of any duty which otherwise would have rested upon him to exterminate such vermin.
>
> Where in an action for rent the answer pleads as a separate defense a constructive eviction and surrender and the uncon-

tradicted evidence strongly preponderates in favor of defendant's contention that the premises were infested with rats, and the only witness to the contrary was plaintiff's agent who visited the premises from time to time remaining not to exceed half an hour at any time and who did not see any rats, and the janitor, who might have been produced to contradict the testimony on the part of the defendant on the point if false, was not called as a witness, and defendant testifies that he repeatedly complained of the matter to the agent, a judgment in favor of plaintiff will be reversed and a new trial ordered.

Though it appeared that the defendant occupied the premises for about two years before he entered into the present lease during all of which time to his knowledge rats infested the premises, uncontradicted testimony that the bad condition increased during the summer and autumn of the second year of the term was a sufficient answer to an objection that defendant who waited a year and two months after the beginning of term before abandoning the premises had not done so more promptly.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, third district, rendered February 4, 1916, in favor of the plaintiff for $170.25 damages and costs, after a trial by the court without a jury.

Sidney Rosenthal, for appellant.

Ben W. Slote, for respondent.

BENEDICT, J. This is an action for $150 for three months' rent under a written lease. The answer denied some of the allegations of the complaint and set up as a separate defense constructive eviction and surrender.

The demised premises consisted of the second floor of the building No. 22 Graham avenue, in the borough of Brooklyn, and were used by defendant for

Appellate Term, Second Department, December, 1917.    [Vol. 102.

dental parlors. The lease was made in August, 1914, for a term of three years from August 15 of that year. The defendant abandoned the premises in October, 1915, and claims in this action a constructive eviction, by reason of the presence of a large number of rats, which did great damage to his business.

The evidence strongly preponderates in favor of defendant's contention that the premises were infested with rats. The only witness produced by plaintiff to show the contrary was plaintiff's agent, who visited the premises from time to time remaining not to exceed a half hour at any time and who did not see any rats. The janitor, who might have been produced by plaintiff to contradict the testimony on this point on the part of the defendant, if it were false, was not called.

It seems now to be recognized that the presence of rats in great numbers in a building rented to several tenants, the control of the lower part of which is retained by the landlord, may constitute such a nuisance as to justify a tenant in abandoning the demised premises, even without direct proof that the rats came from or through a part of the building under the landlord's control. *Barnard Realty Co.* v. *Bonwit,* 155 App. Div. 182, reversing S. C., 76 Misc. Rep. 464. But see *Cushman & Co.* v. *Rohl,* 153 N. Y. Supp. 94.

This case presents the further question whether the defendant is in position to insist on this defense, *first,* because he occupied the building for about two years before he entered into this lease, during all of which time the building was to his knowledge infested with rats, and, *secondly,* because he waited a year and two months after the beginning of the term before abandoning the premises. With respect to the first objection, defendant testified that plaintiff's agent promised when the lease was signed to remedy the condition.

The agent did not categorically deny this, but testified that neither the defendant nor any other tenant had ever spoken to him on the subject of rats. In my opinion, under the ruling in the case above cited, the question is unimportant. The duty of the landlord to protect his tenant from annoyance by pests of this nature remained, because the tenant was powerless to protect himself. Had the tenant leased the whole building the case would have been entirely different. So also would it have been, if the pest had been of a nature which the tenant could have coped with within his own part of the building. *Pomeroy* v. *Tyler,* 9 N. Y. St. Repr. 514; *Jacobs* v. *Morand,* 59 Misc. Rep. 200. The case of *Paterno* v. *Dunham,* 144 N. Y. Supp. 764, is relied on by respondent, but the report does not show what was the nature of the premises involved in that action, whether an apartment or a whole building, nor what was the condition which was claimed to constitute an eviction. I regard it as the law, therefore, that where a building is leased to several tenants, and a part or parts thereof remain in the landlord's control, the fact that a tenant may have known of the presence of vermin in the building before entering into the lease does not relieve the landlord of any duty which would otherwise have rested upon him to exterminate such vermin.

As to the other objection that the defendant did not abandon the premises more promptly, there was testimony, wholly uncontradicted, that the bad conditions increased in the summer and autumn of 1915 so as to become intolerable. This seems a sufficient answer to such objection. See *Marks* v. *Dellaglio,* 56 App. Div. 299; *New York State Investing Co.* v. *Wolf,* 84 Misc. Rep. 66. There are some remarks in the opinion in the first of these cases which might lead to the supposition that the letting was from month to month, but a refer-

Appellate Term, Second Department, December, 1917. [Vol. 102.

ence to *Marks* v. *Delaglio*, 27 Misc. Rep. 652; 28 id. 539, which seem to have involved the same lease, will show that such was not the case. Of the authorities cited by respondent on this point, the only one which seems at all applicable is *Heilbrun* v. *Aaronson*, 116 N. Y. Supp. 1096, and there the element of the increase of the nuisance does not appear to have been present.

There was a conflict of testimony as to whether the plaintiff's agent was informed by defendant and other tenants of the presence of the rats, but there was testimony that the janitor knew of it, and he was not called to contradict that. Furthermore the condition had existed for such a length of time that it must be presumed that the landlord or his agent had knowledge of it.

If we accept the practically uncontradicted testimony of defendant and his witnesses as to the presence of rats, the testimony of the agent tending to show that he did not know of that condition is hardly credible. Defendant testified that he repeatedly complained of the matter to plaintiff's agent.

I advise that the judgment be reversed, with costs to abide the event, and a new trial ordered.

Clark and Callaghan, JJ., concur.

Judgment reversed, with costs to abide event, and new trial ordered.