OPINION OF THE COURT
Memorandum.
Judgment insofar as appealed from unanimously affirmed without costs.
Defendant entered into a two-year lease to rent plaintiffs townhouse, beginning in March 1998, for $2,300 a month. Glen Cove placed a garbage dumpster in front of the townhouse and the odors emanating from the dumpster caused defendant to surrender the townhouse at the end of December 1998. Plaintiff subsequently rented the townhouse in April 1999 and com *279 menced this action to recover, inter alia, rent for January, February and March 1999. Defendant counterclaimed for his $4,600 security deposit.
Upon a review of the record on appeal, we find that the court below properly determined that defendant was not liable for January, February and March 1999 rent since the townhouse in which he lived had become uninhabitable due to the appalling odors emanating from the garbage dumpster. However, Real Property Law § 227, relied upon by the court below, is inapplicable to the case at bar since it was designed to relieve a tenant from the common-law obligation to continue paying rent only where the building was physically destroyed or so injured by the elements as to make it untenantable (see, Floyd-Jones v Schaan, 129 App Div 82; Majestic Hotel Co. v Eyre, 53 App Div 273; Allan v Binghamton Hous. Auth., 82 Misc 2d 932; Barnard Realty Co. v Bonwit, 76 Misc 464, revd on other grounds 155 App Div 182).
Nonetheless, the lower court’s determination should be sustained based upon a finding that plaintiff breached the warranty of habitability (Real Property Law § 235-b). After the dumpster was placed in front of the townhouse, defendant’s family became ill due to the odors. There were 20 townhouses in the complex and each of them used this one dumpster to dispose of their garbage. The defendant had to keep the townhouse windows closed but the odors still permeated his home. Defendant could not enjoy the use of his deck or the company of friends.
In view of the foregoing, a 100% abatement of rent for the three months following defendant’s surrender of the townhouse is appropriate (see, Ocean Rock Assocs. v Cruz, 66 AD2d 878). Moreover, we find that the court below properly awarded attorney’s fees to defendant.
Floyd, P. J., Doyle and Winick, JJ., concur.