■ LISA M. NEWKIRK, Respondent, v WILLIAM J. SCALA, Appellant. [935 NYS2d 176]—

Mercure, A.P.J.

Plaintiff entered into a lease to rent a residence owned by defendant for the period of December 2003 to December 2004. She paid nine months' rent and made a security deposit at the time of the lease's execution. The home's tap water had an overpowering odor from the outset and, following defendant's prolonged failure to correct the problem, plaintiff and her children moved out in June 2004. Plaintiff then commenced this action, alleging that defendant breached the warranty of habitability implied in the lease (*see* Real Property Law § 235-b [1]). Following a nonjury trial, Supreme Court agreed, and awarded plaintiff $10,100 in damages, plus interest, costs and disbursements. Defendant appeals and we now affirm.

Supreme Court rendered its decision following a bench trial and, thus, "we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where, as here, they rest largely upon credibility assessments" (*Martin v Fitzpatrick*, 19 AD3d 954, 957 [2005]; *see Ash v Bollman*, 80 AD3d 1115, 1117 [2011]). Here, we perceive no reason to disturb Supreme Court's findings and accordingly affirm.

Every residential lease contains an implied warranty of habitability covenanting: "(1) that the premises are 'fit for human habitation,' (2) that the premises are fit for 'the uses reasonably intended by the parties,' and (3) that the occupants will not be subjected to conditions that are 'dangerous, hazardous or detrimental to their life, health or safety' " (*Solow v Wellner*, 86 NY2d 582, 587-588 [1995], quoting Real Property Law § 235-b). The warranty is implicated if the premises are unfit for human

occupancy and contain "conditions that materially affect the health and safety of tenants or deficiencies that 'in the eyes of a *reasonable person . . .* deprive the tenant of those *essential functions* which a residence is expected to provide' " (*Solow v Wellner*, 86 NY2d at 588, quoting *Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 328 [1979], *cert denied* 444 US 992 [1979]). Inadequate plumbing and overpowering odors not only prevent a tenant from making reasonable use of a residence but, indeed, materially affect his or her health and safety (*see Park W. Mgt. Corp. v Mitchell*, 47 NY2d at 328; *Tonetti v Penati*, 48 AD2d 25, 27 [1975]; *Mayourian v Tanaka*, 188 Misc 2d 278, 279 [2001]; *Kekllas v Saddy*, 88 Misc 2d 1042, 1044-1045 [1976]).

Plaintiff testified that the home's tap water had a sickening smell that prevented its use for any purpose. Indeed, the water's stench was so extreme that it made her and her children nauseous, ruined clothes washed in it, and forced them not only to launder clothes, but to bathe and eat, elsewhere. The certified water specialist who first installed the water treatment system at the residence, Bruce Leighton, investigated the situation at defendant's request and agreed that the water had a "horrible smell," akin to burnt rotting eggs. Leighton advised defendant that the odor could be corrected by replacing part of the water treatment system; notwithstanding that knowledge and plaintiff's repeated pleas, however, defendant failed to act (*cf. Matter of Moskowitz v Jorden*, 27 AD3d 305, 306 [2006], *lvs dismissed* 7 NY3d 771, 783 [2006]). Giving deference to Supreme Court's assessment of credibility, we conclude that the foregoing amply supports the court's finding that defendant breached the implied warranty of habitability (*see Mayourian v Tanaka*, 188 Misc 2d at 279; *Kekllas v Saddy*, 88 Misc 2d at 1044-1045).

Turning to the amount of damages awarded, "the proper measure of damages for breach of the warranty is the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach" (*Park W. Mgt. Corp. v Mitchell*, 47 NY2d at 329; *accord Stone v Gordon*, 211 AD2d 881, 881-882 [1995]). There is no dispute as to the rent charged under the lease and, inasmuch as the breach was severe and persisted throughout plaintiff's occupancy due to defendant's inaction, Supreme Court properly determined that the rental value of the premises was halved (*see Park W. Mgt. Corp. v Mitchell*, 47 NY2d at 329; *Matter of Nostrand Gardens Co-Op v Howard*, 221 AD2d 637, 638 [1995]; *H & R Bernstein v Barrett*, 101 Misc 2d 611, 614 [1979]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.