## ASH v. MEEKS.

(Supreme Court, Appellate Division, Second Department.    October 8, 1909.)

1. LANDLORD AND TENANT (§ 231*)—ACTIONS FOR RENT—SUFFICIENCY OF EVIDENCE.

In an action for rent, a finding that there was no representation by the landlord that the heating system was sufficient *held* against the weight of evidence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 933; Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 150*)—DUTY OF LANDLORD TO REPAIR—NOTICE BY TENANT.

A tenant was not bound to do more than notify the landlord that the roof leaked, so that whenever it rained the pantry and laundry were flooded.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 536–557; Dec. Dig. § 150.*]

3. LANDLORD AND TENANT (§ 28*)—DUTY TO DISCLOSE HIDDEN DEFECT.

Where the condition of a cesspool which frequently overflowed, creating a nuisance, was not discoverable on inspection unless in use, the defect was serious, and one which the landlord was bound to disclose.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 84; Dec. Dig. § 28.*]

4. LANDLORD AND TENANT (§ 28*)—FRAUDULENT MISREPRESENTATIONS OR CONCEALMENT.

Though there is no implied covenant by the lessor to repair and no implied representation that the premises are tenantable, that rule has no application where there is fraudulent misrepresentation or concealment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 82; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

5. LANDLORD AND TENANT (§ 28*)—MISREPRESENTATION—EVIDENCE.
   Where misrepresentation is claimed, the fact that the house is being let as furnished ready for occupancy is a circumstance to be weighed in determining the question of fact.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 82; Dec. Dig. § 28.*]

Appeal from Municipal Court of New York.

Action by William H. Ash against Emma Meeks. Judgment for plaintiff, and defendant appeals. Reversed.

Argued befort HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

William E. Bennett, for appellant.

Robert Kristeller, for respondent.

MILLER, J. This action is brought to recover the fourth installment of rent pursuant to the terms of a written lease whereby the plaintiff leased a furnished house to the defendant for the term of one year. The defendant pleads both as a defense and a counterclaim that she was induced to enter into the lease by false and fraudulent representations respecting the condition of the premises, wherefore she removed therefrom. The Municipal Court justice submitted the case to the jury, who found a verdict for the plaintiff.

It appears to be practically undisputed that a cesspool on the premises near the house frequently overflowed, creating a nuisance; that the roof over the butler's pantry leaked so that, whenever it rained, the pantry and laundry were flooded; and that the steam heating apparatus was in such condition that it was impossible to heat the house. In place of air valves in the radiators there were lead pencils, which blew out whenever there was any pressure of steam. The defendant went into possession on the 16th of April 1908, and moved out on the 9th of May. Before doing so, however, she notified the plaintiff and his agent of the objectionable conditions, which were not remedied.

The defendant's evidence tends to show that, before the lease was made, she particularly called the plaintiff's attention to the necessity of an adequate heating system as she intended to occupy the house for a year; that the plaintiff represented that the furnace heated the house perfectly, and stated that some repairs to the house were needed which he would have made, and that he would put everything in perfect order; that subsequently the lease was prepared and brought to the defendant by the plaintiff's agent, who stated that the house was ready for occupancy, and that everything had been put in perfect order. The plaintiff denies the making of any representations. He did not call the agent, and he admits that inquiries were made by the defendant respecting the heating system, but claims that, instead of making any representations respecting the matter, he left it to the defendant to observe for herself. I think the finding of the jury that there was no representation that the heating system was sufficient is against the weight of the evidence. If the defendant was particular to make specific inquiries on that subject, it is altogether improbable that she was satisfied to take the house without some assurances. The house

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had usually been rented for the summer only—a reason for making particular inquiry in reference to the heating system. It is not denied that the plaintiff's agent represented to the defendant before the lease was signed that the house had been put in perfect order. The plaintiff says that the roof leaked because one of his workmen had driven a nail in it, leaving a hole, but it is undisputed that the defendant called his attention to it, and that he did not repair it. I do not think that she was bound to do more than that. Moreover, the condition of the cesspool was one not discoverable on inspection unless the premises happened to be in use. It was a serious defect, and I think one which the plaintiff was bound to disclose. It appears that the house was damp and cold, that the defendant contracted an illness, and that she moved on the advice of her physician.

While the law of this state undoubtedly is that there is no implied covenant on the part of the lessor to repair, and no implied representation that the premises are tenantable (Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744; Daly v. Wise, 132 N. Y. 306, 30 N. E. 837, 16 L. R. A. 236), that rule has no application where there is fraudulent misrepresentation or concealment. If the lessor knows of a hidden defect, his concealment of it is fraudulent; and, of course, if he knowingly make actual misrepresentations, he is guilty of fraud. I think the preponderance of the evidence in this case shows that the plaintiff did practice deceit upon the defendant, that he did lead her to think that the heating apparatus was adequate to heat the house, and that he knowingly concealed the fact that the cesspool was inadequate. It may be that the rule declared by Chief Baron Abinger respecting the letting of a ready furnished house (Smith v. Marrable, 11 M. & W. 5) is not the law of this state (see Franklin v. Brown and Daly v Wise, supra); but I think there is a distinction between the letting of an unfurnished house and one furnished ready for occupancy, and that, where misrepresentation and deceit are claimed, the fact that the house is being let furnished ready for occupancy is a circumstance to be weighed in determining the question of fact.

I think the verdict of the jury is so plainly against the weight of evidence as to require a new trial.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.