(77 Misc. Rep. 139.)

### MORGENTHAU v. EHRICH.

(Supreme Court, Appellate Term. June 21, 1912.)

LANDLORD AND TENANT (§ 125*)—LEASE OF FURNISHED HOUSE—WARRANTY OF FURNITURE.

In case of a lease of a furnished house, especially for a short time, indicating the purpose of immediate occupancy, there is an implied warranty of availability of the furniture, so that the presence of bugs in great quantity, immediately on the tenant's entry, warrants his abandonment of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 441–443; Dec. Dig. § 125.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Julius C. Morgenthau against Howard Ehrich. From a judgment for plaintiff, after trial by a judge, the jury having been discharged, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Hollander, Bernheimer & Bernheimer, of New York City, for appellant.

Darius E. Peck, of New York City, for respondent.

BIJUR, J.   Plaintiff sued for an installment due on account of rent of a furnished house on Long Island, rented by plaintiff to defendant for the winter season.   The decision involved the denial of defendant's counterclaim for part of the rent paid in advance and other items.

Defendant's contention is that the house and furniture were found, upon his taking possession, to be overrun with vermin to such extent as to make the premises untenantable, and the beds and other furniture in particular unavailable.   The evidence shows that plaintiff, after having occupied the house all summer, vacated it on or about October 5, 1911; that defendant moved in about October 27th.   In the meantime the house was unoccupied, except that some man, apparently in plaintiff's employ, looked after the furnace and kept the premises heated.   According to defendant's witnesses, the premises were found overrun with bugs immediately upon his taking possession, whereupon efforts were made by the use of corrosive sublimate to abate or cure the pest, but unsuccessfully.   Some 10 days later an expert was sent down by plaintiff to apply some remedy, and his testimony is that at that time he found only a few insects and some traces.   Even after his efforts to exterminate them, however, in fact, on that very night, as defendant's wife testified, she was bitten.   Defendant vacated the next morning, having already made preparation therefor the day before.

In this state of the record, the judgment cannot be sustained upon the evidence; for, notwithstanding some discrepancies between the testimony of defendant and that of two of his servants as to dates when the insects were first observed in particular parts of the house, the evidence offered by defendant of their presence in great quantities immediately upon his entry cannot be said to have been met by proof of less obnoxious conditions 10 days later, after vigorous efforts to exterminate the bugs had been made.   I think that the evidence sufficiently established a situation warranting the abandonment of the premises by defendant.

On the question of law involved, and the one on which, no doubt, the judgment is based, I find that the learned trial judge erred.   The lease in this case, made in August, 1911, included the furniture, which is repeatedly referred to, and was by all its terms shown to be a short lease for a term beginning October 15, 1911, and ending May 15, 1912, for seasonal immediate occupation.   Under these circumstances, there was an implied warranty that the furniture, at least, was clean and suitable for use.

There has been much discussion as to the extent to which the courts of this state have adopted the doctrine originally laid down in Smith v. Marrable, 11 M. & W. 5.   In this discussion it occurs frequently that no attention is paid to the fact that Parke, B., in his opinion, had held that there was an implied warranty of tenantability

in all leases. The distinction, however, between the lease of a furnished and an unfurnished house, has been pointed out in Sutton v. Temple, 12 M. & W. 52, 62, by Lord Abinger, who wrote a concurring opinion in the original case. I find no decision in this state which repudiates what appears to be the English rule, that in the case of a lease of a furnished house, particularly one for a short season, or under other circumstances which indicate the purpose of immediate occupancy, there is implied a warranty of the availability of the furniture. In Franklin v. Brown, 118 N. Y. 110, 114, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744, the condition complained of arose outside of the premises. In Edwards v. McLean, 122 N. Y. 302, 307, 25 N. E. 483, there was, to the knowledge of the complaining tenant, another tenancy intervening prior to his own, and the cause of complaint arose during and because of such prior tenancy. In Daly v. Wise, 132 N. Y. 306, 30 N. E. 837, 16 L. R. A. 236, the lease was of an unfurnished house. Even in Pomeroy v. Tyler, 9 N. Y. St. Rep. 514, which involved the lease of an apartment without furniture, and in which the presence of vermin in great numbers was held not to constitute a constructive eviction, the difference between the lease of an unfurnished house and a furnished one for temporary purposes is referred to at page 516. See, also, Ash v. Meeks, 134 App. Div. 154, 156, 118 N. Y. Supp. 821.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs. LEHMAN, J., not sitting.