TIMOTHY LOONEY et al., Plaintiffs, *v.* STANFORD SMITH et al., Defendants.

Supreme Court, Special Term, Queens County, March 30, 1950.

*Arthur I. Goldstein* for defendants.

*Jacob Beller* for plaintiffs.

HALLINAN, J. Motion to dismiss a second amended complaint on the grounds (1) that it is legally insufficient (Rules Civ. Prac., rule 106, subd. 5) and (2) that there is another action pending (Rules Civ. Prac., rule 107, subd. 4).

The gravamen of the complaint is that the defendant lessors of a one-family house fraudulently concealed a condition in the leased premises whereby a precipitation of rain in excess of one inch in twenty-four hours would result in flooding the basement with water and sewerage to a depth of from one to four feet. Rescission of the lease, a return of the security, and damages in the sum of $10,000 are demanded.

By order, dated January 16, 1950, the first amended complaint was dismissed on the ground that its language was too loose and indefinite to allege fraud, with leave to plead anew.

'' Nothing is better settled than that, on such a motion as this, all the averments of the attacked pleadings are taken as true.'' (*Latham* v. *Father Divine,* 299 N. Y. 22, 26.) Also true is the proposition that if the defects in a prior pleading have been corrected in its successor then the order dismissing the complaint for legal insufficiency is not a binding adjudication. (*Cohen & Sons* v. *Lurie Woolen Co.,* 232 N. Y. 112, 115.) The defects in the prior pleading have been corrected by allegations of a more definitive character. (See, e. g., paragraphs '' Fourth,'' '' Ninth,'' and '' Eleventh.''

While the general rule is that a lessor does not impliedly covenant that the premises are tenantable (*Franklin* v. *Brown,* 118 N. Y. 110), it has been held that the rule '' has no application where there is a fraudulent misrepresentation *or concealment* '' as to a hidden material defect. (*Ash* v. *Meeks,* 134 App. Div. 154, 156 [emphasis supplied]; *Greenberg* v. *Glickman,* 50 N. Y. S. 2d 489, mod. on other grounds, 268 App. Div. 882.)

Since the remaining elements of fraud (*Reno* v. *Bull,* 226 N. Y. 546) are adequately pleaded this complaint is sufficient as a

matter of pleading. As for defendants' contention that the plaintiffs may have rescission or damages but not both, section 112-e of the Civil Practice Act, effective September 1, 1941, expressly provides to the contrary.

The second ground of the motion for dismissal is the pendency of another action between the same parties for the same cause. Although the defendants in this action are plaintiffs in the pending action the objection of another action pending may properly be asserted here since the other action is by way of counterclaim. (*Cornell* v. *Bonsall,* 176 App. Div. 798; cf. *Filiciotto* v. *Cullen,* 69 N. Y. S. 2d 221.) Inasmuch, however, as it is virtually impossible to determine from the pleadings alone whether or not the basis of the counterclaim in the pending action is the same as part of plaintiffs' claim in this action, this ground of defendants' motion will be overruled with leave to set up the objection in their answer as a partial defense. (Rules Civ. Prac., rule 108.)

Defendants' motion is accordingly denied with leave to serve an answer within ten days after service of a copy of the order to be entered hereon with notice of entry. Submit order.