Baker, J.
In an action for libel and slander plaintiff moves to dismiss three counterclaims interposed by the defendant Moricz-Smith on the grounds that they do not set forth facts sufficient to constitute a cause of action; that there is another action pending between the same parties for the same cause or, in the alternative, for an order to make more definite and certain the allegations set forth therein with respect to the plaintiff and to separately state and number such allegations. Plaintiff further moves to sever so much of the counterclaims as remain -.undisposed of pursuant to section 262 of the Civil Practice Act. Defendant moves for an order precluding the plaintiff or, in the alternative, requiring the plaintiff to serve a further bill of particulars.
With respect to plaintiff’s contention that there is another action pending between the same parties for the same cause, the papers reveal that the defendant in this action commenced an action in the United States District Court, Western District of Michigan, against two resident corporations, a Guatemalan corporation and an unincorporated association of Guatemala - seeking injunctive relief, a declaration as to her rights and ownership of certain inventions, and an accounting. Nowhere in the Michigan action does the defendant herein seek judgment against the plaintiff and he is not a party to that action. The counterclaims pleaded against the plaintiff individually and as president of the Guatemalan unincorporated association and the Guatemalan corporation appear to be predicated upon torts allegedly committed by the plaintiff and the firms he represented. As stated above, plaintiff was not made a party defendant in the Michigan action, and the causes of action therein pleaded are not the same in content as those pleaded in the counterclaims herein. In any event, the provisions of rules 109 and 110 of the Rules of Civil Practice, relating to actions pending in other coqrts between the same parties, are applicable *123 only when such actions are pending in courts of this State, and do not relate to actions pending in the courts of other States, or in the Federal courts (General Investment Co. v. Interborough R. T. Co., 200 App. Div. 794; Oneida Co. Bank v. Bonney, 101 N. Y. 173). This phase of the plaintiff’s motion is, accordingly, denied.
On motions addressed to the sufficiency of a complaint or counterclaim, the pleading must be liberally construed; and, if, upon any theory, the pleader is entitled to a recovery, the motion to dismiss must be denied (Dyer v. Broadway Central Bank, 252 N. Y. 430; Condon v. Associated Hosp. Service of New York, 287 N. Y. 411). Every intendment and fair inference in favor of the pleading must be given to it. An examination of the first counterclaim in the light of the foregoing reveals that the defendant, who was a chemist, was hired, through plaintiff’s efforts, by the (Guatemalan) association as a research chemist, with the understanding that any inventions or discoveries made by her, would belong exclusively to her. Subsequently, as a result of her research, she developed a process which enabled her to extract and isolate two products known as “ CXO ” and “ CFO ”, which process was apparently of great value. It is alleged in this cause of action that the plaintiff and the Guatemalan concerns entered into a conspiracy to obtain the details and patent rights of the invention and to deprive the defendant of her rights and ownership; that defendant, in reliance upon plaintiff’s false representation that the corporate defendant was interested in purchasing her invention, and at plaintiff’s request, divulged the details and process of her invention to plaintiff’s chemists. Thereafter, the plaintiff and his concerns refused to purchase said invention. It is further alleged that the plaintiff, the association, the corporation and others, in furtherance of their common scheme to deprive her of her rights in the invention, embarked upon a campaign of terror, threat, undue influence, coercion, bribery and even restraint, which eventually forced her to divulge the secrets of her invention and to assign over her rights and interests to them. While it is true that conspiracy to commit fraud, standing alone, is not actionable and allegations and proof of conspiracy are important only to connect a defendant with the transaction and to charge him with the acts and declarations of his coconspirators (Brackett v. Griswold, 112 N. Y. 454; Green v. Davies, 182 N. Y. 499), nevertheless where fraudulent and illegal acts committed by the conspirators are alleged, a cause of action is established. (Werbelovsky v. Rosen, 260 *124 App. Div. 222.) Here, the pleading, though verbose and minutely detailed, does set forth a cause of action against the plaintiff and others in fraud. The motion to dismiss is denied. However, the defendant in pleading her counterclaim has merged and joined the plaintiff and the others in such fashion that it cannot readily be ascertained whether she is charging the plaintiff individually, to establish personal liability, or as the representative of the concerns involved. The counterclaim should be made more definite and certain and the allegations relating to all the parties should be separately stated and numbered. Plaintiff’s motion for this relief is granted.
As to the second counterclaim, sufficient facts have been alleged to constitute a cause of action predicated upon the claimed coercion and acts of duress. Threats of arrest, of criminal prosecution and possible death are sufficient to spell out such a cause of action. A threat of unlawful conduct intended to prevent and which does prevent another from exercising free will and judgment, falls within the definition of duress. (See Restatement, Torts, § 871, pp. 419, 420, and Cooley on Torts [4th ed.], § 367.) As to this counterclaim, the motion to dismiss is denied.
Sufficient elements of false imprisonment have been alleged in the third counterclaim. An action for false imprisonment is based upon a wrongful detention of the person of another. The detention need not consist of an actual arrest, or physical restraint. Any act on the part of the plaintiff herein by which the defendant was restrained of her liberty, is sufficient. Prima facie, any restraint upon the actions of another accomplished by fear or force is unlawful and constitutes false arrest (Cooley on Torts [4th ed.], § 109; McLoughlin v. New York Edison Co., 252 N. Y. 202). As to this counterclaim, the motion to dismiss is denied.
The objections, however, noted with respect to the first counterclaim apply equally to the latter two. Defendant should separately state and number, and be more definite and certain as to the torts allegedly committed by the plaintiff in his individual capacity. Plaintiff’s motion for this relief is granted.
Section 262 of the Civil Practice Act provides that a defendant may set forth in his answer as many defenses or counterclaims, or both, as he has, whether they be legal or equitable. The court, under the same section, may in its discretion and in the interest of justice order a severance of the same.
In Panzer v. Panzer (274 App. Div. 940) the court, in setting forth the test to be applied in determining whether severance *125 should be directed, held: ‘ ‘ The sole test consonant with the purpose of a counterclaim should be whether or not the counterclaim can be conveniently or justly determined in connection with the plaintiff’s cause of action.”
The counterclaims interposed herein meet such test. The affirmative defenses and the counterclaims will apparently be established with the same evidence. A severance of the counterclaims herein would be contrary to the principle of practice which seeks to avoid multiplicity of suits between parties. If defendant is successful in establishing her counterclaims and affirmative defenses, she must, of necessity, defeat the plaintiff. The issues are the same. Accordingly, this phase of plaintiff’s motion is denied.
Defendant’s motion to preclude is denied. Motion for a further bill of particulars is disposed of as follows: Granted as to items 4, 7, 9, 11, 13, 14 and 16; granted as to items 10 and 24, if the plaintiff has such information available. If not, to so state under oath; item 15 modified by deleting the words commencing with “ state whether such application ” and ending with the words “ to whom such application was made ” and as modified, granted; items 20 and 22 granted as to the time and place; denied as to all other items.
Submit appropriate orders. The order on plaintiff’s motion to make more definite and certain, etc., shall provide for service of the amended answer within twenty days after service of a copy of said order with notice of entry, and that plaintiff may reply to said counterclaims within twenty days after service of the amended answer. The order on defendant’s motion for a further bill shall provide for service of such bill within twenty days after service of a copy of said order with notice of entry.