Jacob J. Schwartzward,
J. Motion by defendants seeking alternative relief dismissing the reamended complaint pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice on the ground that there are existing final judgments dismissing the complaint and amended complaint terminating the same causes of action pleaded herein or, in the alternative, dismissing the reamended complaint pursuant to subdivision 4 of rule 106 of *678 the Rules of Civil Practice, on the ground that it fails to set forth facts sufficient to constitute a cause of action, or in the alternative, dismissing the complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that the causes of action pleaded therein are barred by the Statute of Limitations, or in the alternative, to strike from the amended complaint pursuant to rule 103 of the Rules of Civil Practice numerous paragraphs contained therein, or in the alternative, pursuant to rule 102 of the Rules of Civil Practice, to make more definite, certain allegations of the complaint.
While it is true that under normal circumstances a prior dismissal of a complaint for insufficiency is a bar to the institution of another action brought for the same cause, if the defects in the dismissed pleading have been corrected, then the order dismissing the original complaint for such legal insufficiency is not a binding adjudication. (Brick v. Cohn-Hall-Marx Co., 283 N. Y. 99; Joannes Bros. Co. v. Lamborn, 237 N. Y. 207; Cohen & Sons v. Lurie Woolen Co., 232 N. Y. 112; Potter v. Emerol Mfg. Co., 275 App. Div. 265; Looney v. Smith, 198 Misc. 99.) In the light of the allegations of the present complaint which will be hereinafter discussed and which the court feels have in the main met and corrected the objectionable defects found in the prior complaints, the motion of the defendant pursuant to subdivision 4 of rule 107 is denied. The prior dismissals not on the merits are not a bar to the filing of a new complaint supplying the omissions which occasioned the previous dismissals and the defense of res judicata cannot be urged by the defendant.
Nor can it be contended that the complaint now before the court is insufficient. It is axiomatic that in a motion addressed to the sufficiency of a pleading, the pleading must be liberally construed and if, upon any theory, the pleader is entitled to a recovery, the motion to dismiss must be denied. Every intendment and fair inference in favor of the pleading must be given it and affidavits or other evidence cannot be considered on such a motion.
An examination of the complaint in the light of the foregoing-reveals that the plaintiff has sufficiently pleaded a cause of action for false imprisonment coupled with a possible assault and a deprivation of property rights brought about by the conspiracy of the defendants. As stated in Ippisch v. Moricz-Smith (1 Misc 2d 120, mod. on other grounds 1 A D 2d 968) a threat of unlawful conduct intended to prevent and which does prevent another from exercising free will and restraint, is duress and a wrongful detention of the person of another, even absent an actual arrest or any act on the part of a defendant by which a *679 ■plaintiff is restrained of his liberty, is a false imprisonment. (See, also, Restatement, Torts, § 871, pp. 419-420; Cooley, Torts [4th ed.], §§ 109, 367; McLoughlin v. New York Edison Co., 252 N. Y. 202; Guzy v. Guzy, 14 Misc 2d 1045.)
The plaintiff has sufficiently broadened her complaint, not only embracing the elements of false imprisonment and arrest, but has also complied with the two prior decisions dismissing her complaint, with leave to plead over. Accordingly, this phase of the motion is denied.
The argument advanced by the defendants that plaintiff, having asserted and alleged new causes of action of false imprisonment and assault, is barred from pleading such facts as they relate to occurrences that took place on March 24, 1958, more than two years from the time the amended complaint was served on November 19,1960, also lacks merit.
The test whether a cause of action first asserted in an amended complaint is the commencement of a new action, rather than an amendment, is whether it substitutes an entirely new obligation or liability, or merely expands or amplifies a cause of action already asserted, although defectively pleaded. If the latter is the case, it may be said to relate back to the commencement of the action and not affected by the intervening lapse of time (Harriss v. Tams, 258 N. Y. 229; Ruggiero v. New York City Tr. Auth., 20 Misc 2d 535; Sicolo v. Prudential Sav. Bank of Brooklyn, 2 Misc 2d 289). An examination of the prior complaints clearly demonstrates that the plaintiff unsuccessfully attempted to plead the very cause of action now properly pleaded in the complaint under attack and that the present complaint is merely an amplification and expansion of the facts originally pleaded. Accordingly, this portion of defendants’ motion is denied.
To strike out the matter embraced in the defendants’ motion under rule 103 of the Rules of Civil Practice would leave the plaintiff without even a semblance of a cause of action. Motions under this rule which have such effect should not be and are not granted. {Day v. Day, 95 App. Div. 122.) It would by indirection be tentamount to determining the sufficiency of the complaint all over again rather than its correctness. (Walter v. Fowler, 85 N. Y. 621.) The court in the exercise of its discretion accordingly denies this phase of the application. (Manco Distrs. v. Bigelow-Sanford Carpet Co., 11 A D 2d 1088.)
The complaint as pleaded is not so indefinite, uncertain or obscure so that the precise meaning or application is not apparent. The purpose of a motion under rule 102 of the Rules of Civil Practice is to determine whether the pleading contains *680 a plain and concise statement of facts. The remedy is available where the pleading is long, rambling, obscure, disarranged and confusing and the precise meaning is impossible to determine. Such situation has not been presented to the court. Accordingly, this phase of the motion is also denied.
With respect to the failure of the plaintiff to disclose her present address pursuant to the demand made by the defendants (Bules Civ. Prae., rule 9-a), defendants have a remedy provided therein which should be passed upon by a separate application.