THERESE PEARSON, Respondent, v. HERBERT PEARSON et al., Appellants.—

The "re-amended complaint" contains allegations charging a conspiracy. Commingled with such allegations, it sets forth allegations common to actions for assault and battery, false imprisonment, malicious prosecution, trespass and libel and slander. Although one or more causes of action may be properly stated, the allegations relevant and material thereto are indefinitely and obscurely pleaded and are so inextricably mixed and intermingled with irrelevant and immaterial allegations that it is quite impossible to separate them and to strike out only the bad, without redrafting the entire pleading. Consequently, the motion to strike out should have been granted as to the entire pleading. (*Tankoos* v. *Conford Realty Co.*, 248 App. Div. 614; *Isaacs* v. *Washougal Clothing Co.*, 233 App. Div. 568.) There is no merit to defendants' contention that the action is barred by prior orders dismissing, with leave to replead, the complaint and the amended complaint, respectively. Nor is the action, at least insofar as it is based upon the ouster of the plaintiff from her home, barred by the Statute of Limitations. The attention of counsel for the plaintiff is directed to the provisions of section 241 of the Civil Practice Act and rule 90 of the Rules of Civil Practice. The material facts should be plainly and concisely stated, and the causes of action, if more than one, should be separately stated and numbered. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur. [29 Misc 2d 677.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS VALENTINE, Appellant.—

No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ. concur.