Feedeeio E. Hammeb, J.
The plaintiff sues to recover security in the sum of $237.50, deposited with the defendant pursuant to a written lease dated June 29, 1970, to enter occupancy September 1,1970.
The subject building is an apartment house occupied by many tenants. The plaintiff contends and this court finds, from the credible testimony, uncontradicted, that the apartment in question was, on the commencement of the term and immediately prior and subsequent thereto, infested with roaches.
Subdivision 1 of section 80 of the Multiple Dwelling Law states: “ The owner shall keep all and every part of a multiple dwelling * * * clean and free from vermin, dirt, filth, garbage or other thing or matter dangerous to life or health.” (Italics supplied.)
Plaintiff contends that this condition relieved him of his obligation to take possession. In fact, he contends that this condition constitutes a constructive eviction, relieving him of his obligation to take occupancy.
“ Where a building is rented to several tenants and a part or parts thereof remain in the landlord’s control, the fact that a tenant may have known of the presence of vermin in the building before entering into the lease does not relieve the landlord of any duty which would otherwise rest upon him to exterminate such vermin. ’ ’ (Batterman v. Levenson, 102 Misc. 92, 95.)
“ The presence of * * * vermin, and other like pests * * * in a building rented to several tenants, where the tenant retains control of * # * parts of the building, may con *179 stitute such a nuisance as to justify a tenant in abandoning the demised premises even without direct proof that such pests came from or through a part of the building under the landlord’s control ” (33 N. Y. Jur., Landlord and Tenant, § 177, p. 527). A requirement for a tenant to move in and then immediately remove would constitute an idle gesture and would only increase the plaintiff’s damages. The court could not cause parties such hardships.
The court having found that the condition is as contended by the plaintiff, and that it constitutes a breach of the lease by the defendant, the plaintiff is entitled to a return of his security.
Judgment for plaintiff in the sum of $237.50, with interest from September 1,1970.