Lawrence Newmark, J.
Plaintiff instituted this action to recover her security deposit and one month’s rent, totaling $320, deposited with defendant landlord under the terms of a written one-year lease which she now seeks to rescind.
The court finds from plaintiff’s uncontroverted testimony at trial that the leased apartment was infested with roaches at the time she was scheduled to take occupancy. Plaintiff contends that the condition of the apartment constitutes a breach by landlord of the implied covenant of habitability and constructive eviction.
The common law did not recognize an implied covenant of habitability and at least one early New York case declared that the doctrine of caveat emptor was generally applicable to the leasing of premises infested with vermin. (Pomeroy v Tyler, 9 NY St Rep 514.) That harsh rule has been modified by *999 numerous exceptions. (See, e.g., Barnard Realty Co. v Bonwit, 155 App Div 182; Morgenthau v Ehrich, 77 Misc 139; Streep v Simpson, 80 Misc 666 and Ben Har Holding Corp. v Fox, 147 Misc 300.) Only very recently, however, have any courts "discarded the traditional common law doctrine, and have explicitly recognized an implied warranty of habitability in residential leases.” (2 Rasch, New York Landlord and Tenant [2d ed], § 561, 1974 Supplement.)
The reluctance of courts to recognize the existence of such a covenant is difficult to reconcile with the concurrent trend of expanding the theory of constructive eviction which is likewise premised on the assumption that "the landlord’s wrongful acts substantially and materially deprive[d] the tenant of the beneficial use and enjoyment of the premises.” (Barash v Pennsylvanis Term. Real Estate Corp., 26 NY2d 77, 83.)
What constitutes constructive eviction is a question of fact. (Hayden Co. v Kehoe, 177 App Div 734.) The condition of the plaintiffs apartment is clearly violative of the public policy of this State as expressed by subdivision 1 of section 80 of the Multiple Dwelling Law, which requires that landlords "keep * * * every part of a multiple dwelling * * * clean and free from vermin”. Defendant’s failure to comply with the clearly expressed mandate of the Legislature constitutes a wrongful act which, this court finds, substantially deprived plaintiff of the beneficial use of the leased premises. The fact that plaintiff never occupied the premises is no bar to her recovery. "A requirement for a tenant to move in and then immediately remove would constitute an idle gesture and would only increase the plaintiffs damages. The court could not cause parties such hardships.” (Ianacci v Pendis, 64 Misc 2d 178, 179.)
Judgment for plaintiff in the sum of $320.