OPINION OF THE COURT
Memorandum.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), the order of the Appellate Division should be affirmed, with costs.
The complaint alleges no relationship, contractual or otherwise, giving rise to a duty on the part of the defendant, breach of which could furnish a basis for tort liability *759 (see Albemarle Theatre v Bayberry Realty Corp., 27 AD2d 172, 176; cf. North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 179), nor does it allege that the insurance policy issued to plaintiff did not permit a premium increase for issuance of a separate policy to plaintiff’s ex-wife (cf. Sciasscia v Fredburn Constr. Corp., 248 App Div 608; Ippisch v Moricz-Smith, 1 Misc 2d 120, 124, revd on other grounds 1 AD2d 968). A threat to do what one has a legal right to do is not actionable (30 East End v World Steel Prods. Corp., 110 NYS2d 754). Moreover, absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty (see Marvex Processing & Finishing Corp. v Allendale Mut. Ins. Co., 91 Misc 2d 683, affd 60 AD2d 800; Grimm v Bam, 22 Misc 2d 982; PJI 2:284).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.